IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM A. FOSTER,

      **Defendant,**                          CASE NO. 2:09-cv-214
                                                      JUDGE SARGUS
v.                                                     MAGISTRATE JUDGE ABEL

TIM BRUNSMAN, Warden,

      **Respondent.**

<u>**OPINION AND ORDER**</u>

On January 26, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 50) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations and again requests an evidentiary hearing to establish the merits of his claims. Petitioner again argues, at length, that the evidence was constitutionally insufficient to sustain his convictions because prosecution witnesses lied and the prosecutor knowingly submitted perjured testimony and failed to disclose exculpatory evidence. Petitioner complains that the Magistrate Judge erroneously considered his claim of insufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), and misconstrued his claim as a claim that his convictions were against the manifest weight of th evidence. Petitioner contends that the State has never denied his arguments and thus his allegations must be assumed to be true. Further, Petitioner again argues that he is the victim of a manifest miscarriage of justice.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review and considers none of Petitioner's arguments to be persuasive. Petitioner's allegation that the State has never contested any of his claims is refuted by the record before this Court. Further, *Dickens v. Jones*, 203 F.Supp.2d 354 (E.D. Mich. April 23, 2002), referred to by Petitioner in support of his argument that his claims must be assumed to be true in these proceedings does not provide him support, as *Dickens* involved the Respondent's failure to raise the affirmative habeas corpus defenses of procedural default or statute of limitations. *Id.* at 361. For reasons discussed by the Magistrate Judge, this Court agrees that Petitioner's claims of prosecutorial misconduct are procedurally defaulted. His claims of insufficiency of the evidence and ineffective assistance of counsel fail to provide a basis for federal habeas corpus relief. The record fails to support any of Petitioner's claims and nothing in the record establishes that he is the victim of a manifest miscarriage of justice.

For these reasons, and for reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections (Doc. 50) are **OVERRULED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

_____6-22-2011_____  
**DATE**

_____  
EDMUND A. SARGUS, JR.  
UNITED STATES DISTRICT JUDGE

2