IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William A. Foster, | : | |
| Petitioner | : | Civil Action 2:09-cv-00214 |
| v. | : | Judge Sargus |
| Warden, Lebanon Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent | | |
| | : | |

**ORDER**

Petitioner Foster has filed a notice of appeal from the Court's June 22, 2011 judgment dismissing his petition for writ of habeas corpus under 28 U.S.C. §2254. On August 11, 2011, the Court denied petitioner a certificate of appealability under 28 U.S.C. §2253(c). This matter is before the Court on petitioner's September 1, 2011 motion to reconsider that decision (doc. 57).

There is no merit to the motion. The petition alleged two claims that had been presented to the Ohio courts, that the verdicts were against the manifest weight of the evidence and that trial counsel was ineffective for not requesting jury instructions on involuntary manslaughter and self-defense, and two claims that were procedurally barred, prosecutorial misconduct (presenting perjured testimony) and ineffective assistance of counsel (failure to call witnesses to prove that the state's witnesses lied). None of these claims have merit in federal habeas corpus.

As to the constitutional sufficiency of the evidence claim, the state presented testimony that supported the jury's verdicts of guilty beyond a reasonable doubt of aggravated murder and possession of a weapon under a disability. Although petitioner questions the credibility of two key witnesses–Sonya Frazier and Keith Jones–he offers no evidence that their testimony was "perjured." Their credibility was a question for the jury.

As the Court of Appeals held, there was no evidence in the record support a jury charge for voluntary manslaughter or self-defense. It is undisputed that Foster shot and killed the victim. He fled the scene of the crime. When apprehended, he denied being present when the victim was killed. Indeed, on one occasion he gave a false alibi. When his interrogators told him they had physical evidence of his presence, he admitted being at the scene but denied shooting the victim. Foster did not testify at trial, and the defense rested after the prosecution's case without presenting any testimony.

As to the two procedurally barred claims, despite petitioner's assertion that there was good cause for his delay in presenting the claims to the Ohio courts, the Ohio Court of Appeals held that there was not good cause for the delay of almost a year in filing his postconviction petition. Further, he presented no evidence that would support the merits of the defaulted claims. There is no evidence in the record that Frazier and Jones gave perjured testimony. Petitioner did not identify any persons whom his attorney could have called at trial whose testimony, if accepted by the jurors, would have proven that Frazier and Jones lied on the stand.

2

Accordingly, petitioner's September 1, 2011 motion to reconsider that decision (doc. 57) is DENIED.

/s/ 9-6-2011
Edmund A. Sargus, Jr.
United States District Judge