IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM A. FOSTER,

    Petitioner,

v.

TIM BRUNSMAN, WARDEN,

    Respondent.

CASE NO. 2:09-CV-00214
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

Petitioner has filed a *Motion for Reconsideration* of this Court's June 22, 2011, *Opinion and Order* (ECF No. 51) dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 61.) For the reasons that follow, Petitioner's *Motion for Reconsideration* (ECF No. 61) is **DENIED**.

This case involves Petitioner's April 2007 conviction after a jury trial in the Franklin County Court of Common Pleas on aggravated murder and having a weapon while under disability. On appeal, the state appellate court amended the aggravated murder conviction to murder. *See State v. Foster*, No. 07AP-419, 2007 WL 4171110 (Ohio App. 10th Dist. Nov. 27, 2007). On January 25, 2008, the trial court re-sentenced Petitioner. Petitioner did not file an appeal; however, on January 29, 2008, he filed a petition for post-conviction relief in which he asserted that the prosecution withheld exculpatory evidence and knowingly suborned perjury. *See State v. Foster*, No. 09AP-227, 2009 WL 3161482 (Ohio App. 10th Dist. Sept. 30, 2009). These claims, and Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to call defense witnesses who would have established that prosecution witnesses lied, are the subject of Petitioner's current *Motion for Reconsideration*. The state

1

appellate court affirmed the trial court's dismissal of Petitioner's post conviction petition as untimely, and the Ohio Supreme Court declined review. *State v. Foster,* 124 Ohio St.3d 1419 (Ohio 2009).

On March 19, 2009, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 22, 2011, this Court entered *Judgment* dismissing the claims at issue as procedurally defaulted. (ECF No. 52.) On April 10, 2012, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. (ECF No. 59.)

Petitioner seeks reconsideration of this Court's dismissal of his habeas corpus claim three and four as procedurally defaulted pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
> (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Petitioner now asserts, as cause for his procedural default, that neither his trial nor his appellate counsel informed him of the 180 day time limitation for the filing of a petition for post conviction relief,[1] thus resulting in his inability to file a timely post conviction petition. *Motion for Reconsideration* (ECF No. 61, PageID# 1125.) Petitioner asserts that he thereby was denied the constitutionally effective assistance of counsel, constituting cause for his procedural default. Petitioner refers to *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), in support of this argument.

In *Gunner,* the Sixth Circuit held that an appellate attorney's "failure to advise the accused about Ohio's time constraints for filing a petition for state post-conviction relief amounted to ineffective assistance, which excused the habeas petitioner's procedural default of an ineffective-assistance-of-trial-counsel claim that could only be raised in the collateral review proceeding." *Andrews v. Warden, Lebanon Correctional Institution*, No. 1:13-cv-727, 2014 WL 10435020, at *12 (S.D. Ohio Oct. 27, 2014)(citing *Gunner*). However, Petitioner has never previously claimed, in the state courts or in these habeas corpus proceedings, that his failure to

---

[1] Effective March 23, 2015, the deadline for filing a petition for post conviction relief increased from 180 days to no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. O.R.C. § 2953.21(A)(2). Sub. H.B. 663, 130th Gen. Assem.

3

comply with Ohio's time requirements for the filing of a petition for post conviction relief resulted from his attorneys' inadequate advice. Petitioner instead claimed that he had been unable to earlier to obtain proof that prosecution witnesses Frazier and Jones obtained favorable treatment from the prosecution in exchange for their testimony against Petitioner. *See Petitioner's Response to State[']s Motion to Dismiss and Answer* (ECF No. 14-2, PageID# 260); *Report and Recommendation* (ECF No. 44, PageID# 1052.)

*Gunner* broke new ground in recognizing counsel's duty to advise his client regarding the time limitations for the filing of initial collateral review proceedings for off-the-record-claims of the denial of the effective assistance of counsel, but it was not decided until April 17, 2014, long after Petitioner's 180-day filing period had expired, and counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors. *See Levingston v. Warren Correctional Institution*, No. 1:12-cv-724, 2016 WL 74983, at *3 (S.D. Ohio Jan. 7, 2016)(citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984*); Maryland v. Kulbicki*, 577 U.S. ---, 136 S. Ct. 2, *; 193 L. Ed. 2d 1 (2015); *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997)). In any event, and assuming that *Gunner's* holding nonetheless applies to this case, Petitioner is unable to establish cause because he has never presented this claim of the denial of the effective assistance of counsel to the state courts. *See Andrews v. Warden*, No. 1:13-cv-727, 2014 WL 10435020, at *17 (S.D. Ohio Oct. 27, 2014)(noting that "[a] claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim.")(citing *Goldberg v. Money*, 692 F.3d 534, 537 (6th Cir.2012) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(other citations omitted). " '[A] claim of ineffective assistance," . . . generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards v. Carpenter*, 529 U.S. at 452 (quoting *Murray v.*

*Carrier,* 477 U.S. at 489)(recognizing that the principles of comity and federalism that underlie the exhaustion doctrine require that a claim of the denial of the effective assistance of counsel asserted as cause for a procedural default must first be raised in state court.)

Petitioner's *Motion for Reconsideration* (ECF No. 61) is **DENIED**.

                               5-20-2016
                       EDMUND A. SARGUS, JR.
                       CHIEF UNITED STATES DISTRICT JUDGE