IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM A. FOSTER,

      Petitioner,

      v.

TIM BRUNSMAN, WARDEN,

      Respondent.

CASE NO. 2:09-CV-00214
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner has filed a *Motion for Relief from Judgment* from this Court's June 22, 2011, *Judgment* (ECF No. 52) dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 64.) For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion for Relief from Judgment* (ECF No. 64) be **TRANSFERRED** to the Sixth Circuit Court of Appeals as a successive petition pursuant to 28 U.S.C. § 2244(b).

Petitioner challenges his April 2007 convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated murder and having a weapon while under disability. On appeal, the state appellate court amended the aggravated murder conviction to murder. *See State v. Foster*, No. 07AP-419, 2007 WL 4171110 (Ohio App. 10th Dist. Nov. 27, 2007). In this habeas corpus petition, Petitioner asserts that the evidence was constitutionally insufficient to sustain his conviction and that his conviction was against the manifest weight of the evidence (claim one); that he was denied the effective assistance of trial counsel (claims two and four); and that he was denied a fair trial based on prosecutorial misconduct (claim three). Petitioner also claims that he is actually innocent and that this case constitutes a manifest miscarriage of justice. On June 22, 2011, the Court dismissed claims one and two as without merit, and claims

three and four as procedurally defaulted. On May 20, 2016, the Court denied Petitioner's motion for reconsideration of the dismissal of claims three and four pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *Opinion and Order* (ECF No. 63.)

Petitioner now again seeks reconsideration of the final judgment of dismissal of this action. In support of his motion for reconsideration, Petitioner argues that the Ohio Court of Appeals illegally remanded his case for re-sentencing on the offense of felony murder, acting beyond the scope of its jurisdiction. Therefore, Petitioner argues, he remains illegally in the custody of the Respondent, because he was not indicted on or convicted of the offense of felony murder, which does not constitute a lesser included offense of aggravated murder, the offense of conviction.

Although Petitioner designates his *Motion for Relief from Judgment* under Rule 60(b) of the Federal Rules of Civil Procedure, he has raised a new claim for relief. However, federal district courts lack jurisdiction to consider new claims raised in a successive or second habeas corpus petition absent preauthorization from the relevant Court of Appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016)(citing 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(*per curiam*)). Therefore, because Rule 60(b) motions "may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief," *Moreland v. Robinson*, 813 F.3d 315, 322-23 (6th Cir. 2016)(citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Court must determine whether Petitioner's motion is "a 'true' Rule 60(b) motion or simply a 'second or successive' habeas application cloaked in Rule 60(b) garb." *Franklin v. Jenkins*, 839 F.3d at 473 (quoting *Gonzalez*, 545 U.S. at 531).

> "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.' " *Gonzalez,* 545 U.S.

2

> at 530. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id*. A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. *Id*. at 532 n.4. But he is making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." *Id*. at 531-32.

813 F.3d at 322-23.

Here, Petitioner seeks to add a new ground for relief. He asserts that the state appellate court acted beyond its jurisdiction and improperly remanded the case to the trial court for re-sentencing on felony murder. Because Petitioner presents a new ground for relief, his *Motion for Relief from Judgment* constitutes a successive habeas corpus petition. *Gonzalez,* 545 U.S. at 532. Therefore, this Court lacks jurisdiction to adjudicate the claim absent precertification for the filing of the successive petition from the United States Court of Appeals for the Sixth Circuit. *See Henness v. Jenkins*, No. 2:14-cv-2580, 2017 WL 749198, at *7 (S.D. Ohio Feb. 27, 2017)(citations omitted). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court lacks jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive petition. 28 U.S.C. § 2244(b); *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that the *Motion for Relief from Judgment* (ECF No. 64) be **TRANSFERRED** to the Sixth Circuit Court of Appeals as successive pursuant to 28 U.S.C. § 2244(b).

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge