IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM A. FOSTER,**

    **Petitioner,**

v.

**TIM BRUNSMAN, WARDEN,**

    **Respondent.**

**CASE NO. 2:09-CV-00214**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On April 25, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion for Relief from Judgment* (ECF No. 52) be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition pursuant to 28 U.S.C. § 2244(b). (ECF No. 65.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 68.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 68) is **OVERRULED**. The *Report and Recommendation* (ECF No. 65) is **ADOPTED** and **AFFIRMED**. The *Motion for Relief from Judgment* (ECF No. 52) is **TRANSFERRED** to the Sixth Circuit Court of Appeals as a successive petition.

Petitioner seeks reconsideration of the Court's June 11, 2011, *Judgment* of dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that the Ohio Court of Appeals illegally remanded his case for re-sentencing on the offense of felony murder, acting beyond the scope of its jurisdiction. Because this constitutes a new claim for relief, the Magistrate Judge recommended that the motion be transferred to the Sixth Circuit

Court of Appeals for authorization for filing as a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Petitioner objects to the Magistrate Judge's recommendation. Petitioner maintains that his motion may properly be considered under the provision of Rule 60(b) of the Federal Rules of Civil Procedure, because he raises an issue regarding the state appellate court's alleged lack of subject matter jurisdiction, which he inadvertently overlooked when he filed his habeas corpus petition, and which issue, he contends, may be raised at any time. Petitioner also disputes the characterization of his Rule 60(b) motion as raising a new claim for relief. Petitioner asserts that the transfer of this case to the Court of Appeals as successive will violate the Suspension Clause. Petitioner seeks a certificate of appealability.

However, as discussed by the Magistrate Judge, this Court lacks jurisdiction to consider new claims raised by a Petitioner in a Rule 60(b) motion.

> A petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.' " *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531–32, 125 S.Ct. 2641). A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.' " *Ibid.* (quoting *Gonzalez*, 545 U.S. at 530, 125 S.Ct. 2641).
>
> For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.' " *Moreland*, 813 F.3d at 322 (quoting *Gonzalez*, 545 U.S. at 531, 125 S.Ct. 2641). By contrast, a petitioner does not seek to advance new claims "when [his] motion 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.' " *Post*, 422 F.3d at 424 (quoting *Gonzalez*, 545 U.S. at 532 n.4, 125 S.Ct. 2641).

*Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). Petitioner's assertion that the appellate court acted beyond the scope of its authority, or lacked jurisdiction, constitutes such a "new claim" for relief. *See, e.g., Purnell v. United States*, 496 Fed.Appx. 596, 600-601, unpublished, 2012 WL 3667994 (6th Cir. Aug. 27, 2012)(Rule 60(b) motion raising issue regarding the District Court's dismissal of claims regarding the lack of subject matter jurisdiction constitutes successive petition). Further, the United States Supreme Court has rejected Petitioner's claim that the limits imposed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") on the filing of successive petitions violates the Suspension Clause. *See Alley v. Bell*, 392 F.3d 822, 833 (6th Cir. 2004)(citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

Petitioner has requested a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

3

Petitioner has failed to meet this standard here. Petitioner's motion plainly constitutes a successive petition. Reasonable jurists would not debate whether the Court properly transferred the motion as a successive petition.

Therefore, Petitioner's *Objection* (ECF No. 68) is **OVERRULED**. The *Report and Recommendation* (ECF No. 65) is **ADOPTED** and **AFFIRMED**. The *Motion for Relief from Judgment* (ECF No. 52) is **TRANSFERRED** to the Sixth Circuit Court of Appeals as a successive petition. Petitioner's request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

                                                                                                 6-15-2017
                                                                        EDMUND A. SARGUS, JR.
                                                                        Chief United States District Judge